UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20252-CR-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

JOSE MANUEL GABINO SOLIS RODRIGUEZ,

    Defendant.

_____/

## ORDER

THIS CAUSE came before the Court on Defendant's (*pro se)* Motion Requesting the Court to Instruct the Government to Comply With its Obligations Under Fed.R.Crim.P.35(b) (to Compel the United States to File a Rule 35 Motion) *(ECF No.64)*. After being fully advised on the premises, it is hereby

ORDERED AND ADJUDGED that Defendant's motion is **DENIED.**

Defendant contends that he has provided substantial assistance. Despite his full cooperation, defendant notes the Government has yet to file a motion under Fed.R.Crim.P. 35(b)[1] to reduce his sentence.

The United States Supreme Court in <u>Wade v. United States</u>, 504 U.S. 181, 112 S.C. 1840 (1992), held that federal district courts have authority to review the government's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. <u>Wade</u>, 504 U.S. at 185-86.

---

[1] Rule 35(b) is the procedure by which a district court may, on the government's motion, reduce a defendant's sentence to reflect substantial assistance provided by the defendant to the government after sentencing.

Thus, a defendant cannot show that he is entitled to a remedy, discovery or an evidentiary hearing by generally claiming that he provided substantial assistance or by making general allegation of improper motive.  Id.

Following Wade, the Eleventh Circuit has concluded that "'courts are precluded from intruding into prosecutorial discretion,' except where there is 'an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.'"  United States v. Gilmore, 149 Fed.Appx. 883 (11th Cir. 2005)(quoting United States v. Forney, 9 F.3d 1492, 1501-02 (11th Cir. 1993)).  Absent such a showing, the government is not required to explain its reasons for not filing a substantial assistance motion.

Applying this authority here, the Court finds that the Defendant has failed to demonstrate or even allege that the Government failed to file a Rule 35(b) motion based on an unconstitutional motive.  Defendant merely alleges that his assistance to the Government was substantial.  These allegations are clearly insufficient to warrant Defendant's requested relief.

Defendant's motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of June 2019..

_____
MARCIA G. COOKE
United States District Judge